UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE HARDIN,

        Plaintiff,

v.                                                 Case No. 8:21-cv-2980-MSS-AEP

OAKLEY TRANSPORT INC., and
OAKLEY TRANSPORTATION
GROUP, INC.,

        Defendant.
_____/

## **ORDER**

This cause comes before the Court following a second hearing on Plaintiff's Motion to Compel Production of Documents (Doc. 60) ("Motion"). On July 17, 2023, Plaintiff filed his Motion to which Defendants timely filed a response (Doc. 69). The matter was then set for hearing by this Court at which time Plaintiff's Motion was granted in part and denied in part. (Doc. 73). These rulings were subsequently memorized in a written Order (Doc. 77).

On August 24, 2023, Plaintiff timely filed an objection to this Court's ruling on his Motion to which Defendants filed a response in opposition (Docs. 78, 81). Plaintiff specifically objected as to this Court's rulings on numbers 4-9, 16, and 17[1] of his Request for Production of Documents. (Doc. 78). The District Judge took the

---

[1] Plaintiff has since withdrawn his objection to this Court's ruling on Request for Production No. 17. (Doc. 89 at 44:25).

matter up for review at which point it was discovered that there was a technological issue with audio recording of the hearing on Plaintiff's Motion to Compel Production of Documents which prevented the court from being able to adequately review the reasoning for the rulings given in the subsequent written Order. (Doc. 84). Accordingly, the District Judge directed the matter be set for another hearing. *Id.*

On November 11, 2023, a second hearing was held on Plaintiff's Motion to Compel Production of Documents. At the hearing, Plaintiff incorporated all arguments previously set forth in his initial Motion (Doc. 60) and subsequent Objection to Magistrate's Report and Recommendation ("Objection") (Doc. 78). Defendants incorporated all arguments previously made in their responses to Plaintiff's Motion and Objection (Docs. 69, 81). Having reviewed these filings and the arguments made by the parties at hearing, and for the reasons stated below, this Court finds at follows:

1. Document requests 4-9 are denied as they request documentation which is irrelevant, overbroad, and not proportional to the discovery needs of Plaintiff's claims.

2. Document request 16 is denied as it requests documentation which is irrelevant, overbroad, and not proportional to the discovery needs of Plaintiff's claims.

3. Document request 17 is granted to the extent that Plaintiff's personnel file must be disclosed.

I. <u>Factual Background</u>:

In his 112-page Fourth Amended Complaint, Plaintiff lists seven causes of action against Defendants, his former employer. These include: Fraud, Fraud in the Inducement, Unjust Enrichment, and violations of the Florida Civil Rights Act, American Disabilities Act, Family and Medical Leave Act, and Florida Worker's Compensation Statute § 440.205. (Doc. 53).

At their core, each of these claims stems from a common set of alleged facts. Plaintiff maintains that Defendants "are engaged in the hauling and delivery of freight across the U.S." and sought the recruitment of truck drivers (Doc. 53, ¶¶ 5, 44). Accordingly, Plaintiff was hired by Defendants and subsequently attended a pre-employment orientation where he was presented with a Driver Pay and Credentials Agreement which stated Plaintiff was to be paid a guaranteed flat rate of $250 per day and given a $54 per diem allowance per day which he executed (Doc. 53, ¶¶ 48-51). Plaintiff alleges that these representations were "fraudulent, deceptive, misleading, false, and untrue, and known to be fraudulent, deceptive, misleading, false, and untrue by Defendants" and maintains that from February 2018 through July 2019 his payroll statements were falsified resulting in taxable income being recharacterized "as non-taxable travel allowances which reduced [Plaintiff's] gross pay causing damage to [Plaintiff]." (Doc. 53, ¶¶ 73, 76-77). Accordingly, Plaintiff has brought the instant action alleging that Defendants have committed Fraud, Fraud in the Inducement, and Unjust Enrichment in Counts I-VI of his Complaint. (Doc. 1 at 1-46). Plaintiff further alleges that he suffered an on-

the-job injury while working for Defendants for which he faced discrimination. Accordingly, in Counts VII-XV of his Complaint, Plaintiff has brought additional claims against Defendants for violating the Florida Civil Rights Act, American Disabilities Act, Family and Medical Leave Act, and Florida Worker's Compensation Statute § 440.205. (Doc. 1 at 46-111).

II. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In this context, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271 (11th Cir. 2021) (internal quotations omitted). Meanwhile, proportionality "requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, No. 615CV1701ORL41TBS, 2016 WL 1408098 (M.D. Fla. Apr. 11, 2016). Rule 26(b)(1) provides a list of such considerations to include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In summation, "the information sought [in discovery] must be

relevant and not overly burdensome to the responding party." *Wright v. AmSouth Ban-corporation*, 320 F.3d 1198, 1205 (11th Cir. 2003).

III. <u>Discovery Requests</u>

**A. Requests for Production Nos. 4-9**

Requests 4-9 of Plaintiff's Request for Production to Defendants concern the disclosure of voluminous amounts of financial documentation from Defendants. Specifically, Request for Production No. 4 asks Defendants to disclose financial accounting statements, tax returns cash journals, payroll records, and appraisals:

> **REQUEST FOR PRODUCTION NO. 4**
>
> **Financial Records.** Each Defendant produce separately all federal income tax returns which are in your possession or under your control, from 2017 to date, including, but not limited to, every corporation, subsidiary, limited liability company, partnership, limited partnership, joint venture or other business entity of any nature (excluding publicly held corporations) in which you own, or have owned an interest, and together with copies of all documents, attachments, schedules and worksheets used in preparation of and/or filed with each such tax return, including, but not limited to:
> **A.   Financial Statements**. Copies of all monthly, quarterly, annual, and year-end audited, compiled, or reviewed financial 13 statements, including, but not limited to, income statements, balance sheets, profit and loss statements, statements of cash flows, statements of changes in financial position, including those submitted to any financial institution for any purpose.
> **B.   Interim Financial Statements**. Copies of any interim financial statements for the most recently ended interim accounting period for which such statements are available, and the comparable financial statements for the corresponding period of the preceding year.
> **C.   Financial forecasts**. Copies of all financial forecasts or projections prepared either internally or by someone else.
> **D.   Ledgers**. Copies of all general ledgers, accounts receivable ledgers, accounts payable ledgers, and any interim period ledgers through and including the date of production.
> **E.   Cash Journals**. Copies of all cash receipts "day sheets" journals, cash disbursements journals.
> **F.   Payroll Journals**. Copies of all payroll journals.
> **G.   Repeat and Adjusting Journal Entries**. Copies of all repeating journal entries and adjusting journal entries.
> **H.   Appraisals, Valuations**. Copies of all appraisals, valuations, records, or other documentation that have been made which evidence your value.

   **I.**  **Employment Agreements**.  Copies of all employment agreements with officers or other key employees.
   **J.**  **Leases**.  Copies of all leases in which Defendants are lessor or lessee.
   **K.**  **Broker Statements**.  Copies of all broker statements for all brokers.
   **L.**  **Fuel Cards, Credit Cards, Charge Cards**. Copies of all statements for fuel cards, credit cards, and charge cards.

(Doc 60-1 at 12-14). Requests 5-9 are fashioned in a similar manner and demand that Defendants produce documentation concerning its bank accounts, assets, real estate tax notices, investment and brokerage accounts, and insurance policies:

**REQUEST FOR PRODUCTION NO. 5**

  **Banking Information**.  Produce all of the following items which are in your possession or under your control, whether held in your name or jointly with another person or entity, or in which you have or had an interest, or any account in which you have or had the right to withdraw any funds, whether or not your name appears on said account, during the relevant time period involving any financial institutions:
   **A.**  **Accounts**. Produce the following accounts, including, but not limited to:
   (1)  Checking Accounts,
   (2)  Savings Accounts,
   (3)  Certificates of Deposit,
   (4)  Money Market Accounts,
   (5)  Ready Cash Accounts,
   (6)  Credit Union Accounts,
   (7)  Investment Accounts,
   (8)  Mutual fund accounts,
   (9)  Any other similar accounts.
   **B.**  **Records**. Produce all records and documents involving the above accounts, including, but not limited to the following:
   (1)  All Monthly and Quarterly Statements,
   (2)  All Deposit Slips,
   (3)  All Withdrawal Slips,
   (4)  All Canceled Checks,
   (5)  Check Stubs and Check Registers,
   (6)  All Savings Account Books,
   (7)  All Credit Union Account Books,
   (8)  Copies of all Certificates of Deposit,
   (9)  All other similar records.

**REQUEST FOR PRODUCTION NO. 6**

  **Assets**. Produce copies of all journals, books, receipts, and other such documents from January 1, 2021 to date reflecting, stating, identifying, and/or describing:

      A. Assets located in the United States which you possess or control directly or through other persons, or entities;
      B. Assets located outside the United States which you possess or control directly or through other persons, or entities.

**REQUEST FOR PRODUCTION NO. 7**

**Real Estate Tax Notice**. Produce the most recent Real Estate Tax Notice indicating the assessed values for tax purposes of any and all real property held by you either individually, jointly with any other person or entity, or under your control.

**REQUEST FOR PRODUCTION NO. 8**

**Investment and Obligation Information**.
    **A.**   **Brokerage Account Statements**. Produce all records, including, but not limited to statements and other documents involving any stock, bond, mutual fund, and note or security ownership in which you have or had an interest in during the last two (2) years.
    **B.**   **Bonds**. Produce all Bonds of any description in your possession or under your control, for the last two (2) years.
    **C.**   **Notes or Securities**. Produce all notes or other securities either in your possession or under your control, as well as all records with regard to security accounts involving any of your corporations, subsidiaries, limited liability corporations, professional associations, joint ventures and/or partnerships, or any other entity, for the last two (2) years.
    **D.**   **Account Records**. Produce all records in regard to any investment accounts in your possession or under your control, for the last two (2) years.
    **E.**   **Obligation Records**. Produce all records in regard to any current outstanding obligations upon which you are liable in your possession or under your control, for the last two (2) years.

**REQUEST FOR PRODUCTION NO. 9**

**Insurance Policies**. Produce all of your insurance policies, including insurance application forms, appraisal reports, inventory lists, schedules and riders, during the relevant time period, including, but not limited to:
      A. Copies of all policies of insurance covering any of your assets including, but not limited to, semi-tractors, tractors, trucks, tankers, trailers, vans, and fixed assets.
      B. Copies of all policies of insurance covering in any way liability, casualty, theft, income, disability policies.

(Doc. 60-1 at 14-17).

Said requests are overbroad and seek information which is irrelevant and not proportional to the claims alleged by Plaintiff in his Complaint. Acting in a *pro se* capacity, Plaintiff has brought claims of Fraud, Fraud in the Inducement, and

7

Unjust Enrichment against Defendants as a result of an alleged discrepancy in his *personal* pay statements. While such allegations make relevant payroll information or other financial documents concerning Plaintiff maintained by Defendants, they do not require that Defendants disclose the vast array of financial information requested by Plaintiff, to include financial forecasts, ledgers, tax notices, banking details, investment information, and insurances policies. Said information is irrelevant and far exceeds the necessary scope of financial information which would prove Plaintiff's claims as they concern only the payroll benefits paid by Defendants to Plaintiff not Defendants' financial status in its entirety. Moreover, Counts VII-XV of Plaintiff's Complaint do not implicate Defendants' financial status in any capacity.

Therefore, Plaintiff has failed to show that requests 4-9 of his Request for Production are proportional to the needs of his case. Accordingly, requests 4-9 are denied without prejudice,[2] notwithstanding this Court's previous direction to Defendants to confirm that they have produced all payroll and other financial documents relating to Plaintiff during the relevant time period.  (Doc. 77).

---

[2] As it relates to Plaintiff's claim for punitive damages, the requested financial discovery is denied without prejudice to be revisited if and when the matter becomes ripe for purposes of punitive damages. *See Gallina v. Com. & Indus. Ins.*, No. 806-CV-1529-T-27EAJ, 2008 WL 3895918 (M.D. Fla. Aug. 15, 2008) (acknowledging that financial worth discovery is not relevant "until it becomes apparent that punitive damages can be awarded").

### B. Request for Production No. 16

Request 16 of Plaintiff's Request for Production asks that Defendants disclose the financial and tax information of all current and former truck drivers employed from 2017 through the present:

> **REQUEST FOR PRODUCTION NO. 16**
>
> **Truck Drivers**. Produce a list of all current and former truck drivers from 2017 to date, including full names, addresses, phone numbers. For each truck driver listed, produce separately the following records, documents and communications which are in your possession or under your control:
> 1. Copies of all W-2 wage statements issued to each tanker driver from 2017 to date,
> 2. Copies of all weekly payroll recap statements ("settlement statements"), issued to each truck driver driver from 2017 to date,
> 3. Copies of all Driver Pay and Credentials Agreement(s) from 2017 to date issued to each truck driver.
> 4. Copies of all documents pertaining to your per diem travel allowance policies, practices, and procedures provided to each truck driver during the relevant time period.

(Doc. 60-1 at 22-23). Again, this request seeks information, which is irrelevant, overbroad, and not proportional to the discovery needs of Plaintiff's claims. Plaintiff seeks relief for alleged misrepresentations and misappropriation of funds made to him personally. The financial relationship between Defendants and its other employees is not relevant in establishing these claims. Moreover, proportionality falls against such discovery where Plaintiff's claims can be fully resolved without said documentation, and the request itself is overly broad and unduly burdensome. Notably, Plaintiff's request seeks records from dates beyond his own employment with Defendants and does not limit the group to be searched in any manner. *See* Fed. R. Civ. P. 26(b)(1); *Rollins v. Cone Distrib.*, Inc., 710 F. App'x 814 (11th Cir. 2017) (upholding the district court's finding that Plaintiff's blanket request to review

personnel records of other employees even in the context of an employment discrimination case was overbroad and disproportionate to the needs of the case).

Finally, to the extent Plaintiff may claim these practices were systematic, Plaintiff does not have standing in his *pro se* capacity to bring suit on behalf of a class. 28 U.S.C. § 1654; *see also Timson v. Samson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (highlighting that the right of a litigant to proceed *pro se* in federal court under § 1654 is "a personal right that does not extend to the representation of the interest of others"); *Real v. Mission*, No. 214-CV-729-FTM-38MRM, 2015 WL 4935627, at *5 (M.D. Fla. Aug. 08, 2015) ("Most significantly, a pro se litigant cannot prosecute a class action in this Court.").

### C. Request for Production No. 17

Plaintiff's Request for Production No. 17 seeks what appears to be the production of any all documents, communications, or correspondence concerning Plaintiff in any manner:

> **REQUEST FOR PRODUCTION NO. 17**
>
> **Plaintiff's Records and Personnel File**. Produce all records, documents, and communications, describing, identifying, evidencing, pertaining to, related to Plaintiff in your possession or under your control, including, but not limited to:
> **A.** All records, documents, communications, correspondence, constituting the complete personnel file of Plaintiff, including, but not limited to: Plaintiff's preemployment records, orientation records (including Driver Leave of Absence Policy, Driver Pay and Credentials Agreement), employment records, employment application, employment contract(s), group health benefits records, disability benefits records, attendance records, time records, leave of absence records, sick leave records, personal leave records, performance evaluations, job offers (including all offers of alternative modified work), termination of employment records, unemployment records, retirement records, life insurance records, Drive-A-Check (DAC) HireRight records, office notes, and all correspondence to, or from Plaintiff, including but not limited to, phone records, emails, and letters.
> **B.** All records, documents, communications, evidencing, pertaining to, identifying the State Plaintiff was hired in.

    **C.** All records, documents, communications, identifying, evidencing, pertaining to, describing Plaintiff's tanker driver job-duties.
    **D.** All records, documents, communications, describing, evidencing, pertaining to, reflecting, where and when, you engaged in an interactive process with Plaintiff to assess whether Plaintiff was able to perform the essential functions of his tanker driver job duties, including the following:
      1.  Date(s), time, and place, where the interactive process occurred,
      2.  A list of all individuals in attendance during the interactive process, including full names, addresses and phone numbers.
    **E.** All records, evaluations, documents, communications, relating to, evidencing, Plaintiff not being a qualified individual who could perform the essential functions of his tanker driver job duties, with or without an accommodation.
    **F.** All records, documents, communications, evidencing, pertaining to, relating to Plaintiff's involuntary employment termination, including, but not limited to:
      1.  A list reflecting all individuals involved in the decision to terminate Plaintiff's employment, including full name, address, telephone numbers of each individual listed.
      2. All records, documents, and communications reflecting the date, time, city, state, and location of Plaintiff's termination.
      3. All records, documents, communications, that you sent to Plaintiff to notify him that his employment had been involuntarily terminated.

(Doc 60-1 at 23-25). As presented, said request is plainly overbroad and beyond the scope of the instant matter.  However, portions of the request do seek information which is relevant to both Plaintiff's financial claims and discrimination claims. Accordingly, Plaintiff's request is granted to the extent that Defendants are required to produce all documents from Plaintiff's personnel file, including but not limited to, all records concerning Plaintiff's employment, hiring, termination, attendance, and payroll benefits.

### D. Request for Production No. 19

Plaintiff's Request for Production No. 19 seeks the disclosure of payroll statements, salary records, expense reports, and per diem travel allowance for Plaintiff:

11

**REQUEST FOR PRODUCTION NO. 19**

**Payroll Records**. Produce all records, documents, communications, identifying, relating to, evidencing, constituting, all payroll records of Plaintiff which are in your possession or under your control, including, but not limited to:
    A.    Copies of all payroll recap statements ("settlement statements") issued to Plaintiff,
    B.    Copies of all salary records and/or income records,
    C.    Copies of all checks, payroll checks, pay stubs,
    D.    Copies of all per diem travel allowances, bonuses,
    E.    Copies of all receipts, invoices, expense reports,

(Doc. 61-1 at 25-26).

While Plaintiff has not specifically objected to this Court's prior ruling on Request for Production No. 19, at the second hearing on this matter, Plaintiff requested clarification as to his entitlement to the documents requested therein. Therefore, in abundance of caution, this Court reiterates its prior finding as to Request for Production No. 19 – Plaintiff is entitled to copies of any such records requested therein as they relate to Plaintiff himself but not as to any other employee of Defendants.

DONE AND ORDERED in Tampa, Florida, on this 30th day of November, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record
       Plaintiff, *pro se*