UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EUGENE HARDIN,**

    **Plaintiffs/Counter-Defendants,**

v.                                                Case No: 8:21-cv-2980-MSS-AEP

**OAKLEY TRANSPORT INC. and**
**OAKLEY TRANSPORTATION**
**GROUP INC.,**

    **Defendants.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendants' Motion to Seal Certain Exhibits in Support of Defendants' Motion for Summary Judgment. (Dkt. 142) In the Motion, Defendants request the Court seal some of the exhibits attached to a declaration that is attached to Defendants' Motion for Summary Judgment. (Dkt. 141) Specifically, Defendants request the Court seal Exhibits I, J, K, L, M, and N of the Declaration of Kami Everitt, (Dkt. 141-1), because they contain Plaintiff's medical documentation. Defendants advise that Plaintiff does not oppose the request. (Dkt. 145)

    The Court notes that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "[T]he starting point in considering a motion to seal court records is a 'strong

presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation omitted). As a result, good cause is required to seal any portion of the court's record. Farnsworth v. Procter & Gamble, Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

The movant bears the burden of proving that such cause exists. Under Local Rule 1.11(c), absent authorization by statute, rule, or order, a Court may permit a party to file under seal if (1) the party files a motion in support of the seal, (2) the motion describes the item proposed for sealing, (3) the motion states the reason why filing the item is necessary, sealing the item is necessary, partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory, (4) the motion sets forth a proposed duration of the seal, and (5) the motion includes a legal memorandum supporting the seal.

Defendants' Motion satisfies the requirements of the Local Rule. Based on the information contained therein, Defendants have met their burden of showing that good cause exists to seal Exhibits I, J, K, L, M, and N of the Declaration of Kami Everitt, (Dkt. 141-1), and that the proposed seal is no more extensive than necessary.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Seal Certain Exhibits in Support of Defendants' Motion for Summary Judgment, (Dkt. 142), is **GRANTED**; and

2. Defendants may file Exhibits I, J, K, L, M, and N of the Declaration of Kami Everitt under seal. The Clerk is **DIRECTED** to accept these documents under seal; and

3. This information **SHALL REMAIN SEALED** until 90 days after this case is closed and all appeals are exhausted or such later time as the Court may order.

**DONE and ORDERED** at Tampa, Florida this 2nd day of October 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party